**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION**


**ROBERT MARIE And REBECCA MARIE**                                    **PLAINTIFFS**

**VERSUS**                              **CIVIL ACTION NO.  2:07cv343KS-MTP**

**VICKSBURG CHEMICAL, ET AL**                                    **DEFENDANTS**


**MEMORANDUM OPINION AND ORDER**

This matter is before the court on a Motion to Dismiss **[#9]** filed on behalf of the

defendants.  The court having reviewed the motion, the response, the briefs, the

authorities cited, the pleadings and exhibits on file and being otherwise fully advised in

the premises finds that the motion is well taken and should be granted.  The court finds

specifically as follows:


**FACTUAL BACKGROUND**

On October 23, 1995 an accidental chemical release of nitrogen textroxide and

its constituent chemicals occurred in Bogalusa, Louisiana at the Gaylord Manufacturing

Company.  Apparently, a rail car loaded by the defendant Vicksburg Chemical in

Vicksburg, Mississippi developed a leak which ruptured in the proximity of the Gaylord

Plant in Bogalusa, Louisiana.  A cloud of nitrogen textroxide permeated the area around

the plant in Bogalusa which resulted in allegations of severe injuries to residents in that

area.

Shortly after the incident hundreds of lawsuits were filed in Louisiana state and

federal courts against the defendants in this action.  The Louisiana litigation was eventually consolidated into a single class action in Louisiana state court.  In addition to the Louisiana litigation, several thousand plaintiffs filed individual claims in the Circuit Court of Hinds County, Mississippi for damages allegedly resulting from the incident. One of these lawsuits was *Newkirk, et al v. Vicksburg Chemical, et al* which was filed in 1996.  This action included the claims of 3,511 plaintiffs including both of the plaintiffs named herein.

Pursuant to an order of the Honorable Judge (now Justice) James Graves of the Circuit Court of Hinds County, *Newkirk* was consolidated with more than 11,000 other Mississippi plaintiffs in *In Re: Chemical Release at Bogalusa*, No. 251-96-493-Civ. Judge Graves entered a Case Management Order scheduling discovery and disclosure obligations.  During the discovery phase of the Hinds County litigation, the plaintiffs herein were represented by the law firm of Sacks and Smith from New Orleans and were served numerous interrogatories, document requests and requests for admission. The plaintiffs participated in initial client interviews at the law firm but provided nothing further to satisfy the discovery propounded to them.

In the spring of 1997 the Maries apparently became dissatisfied with the representation of Sacks and Smith and terminated them from continuing representation.  No responses to any of the discovery was ever filed on behalf of the Maries.  In the Fall of 1997, Judge Graves conducted a hearing on Motions to Dismiss filed by the defendants for failure of more than 3,000 plaintiffs to respond to discovery. After conducting the hearing, Judge Graves entered an order on January 15, 1998, which dismissed the Complaints of 3,253 plaintiffs without prejudice for failure to

respond to discovery.  Robert Marie and Rebecca Marie were among those plaintiffs who were dismissed.  In addition, Judge Graves retained jurisdiction over the claims of the dismissed plaintiffs in his Order and stated that if any plaintiff who sought relief from the Order of Dismissal must come before that court to petition for such relief.

On or about May 2001, the plaintiffs filed suit in this court, Civil Action No. 2:01cv141PG.  An Amended Complaint was filed in June 2002, after the plaintiffs were authorized to proceed *in forma pauperis* by this court.  On October 19, 2001, the plaintiffs filed a separate civil action against Gaylord Paper Manufacturer, 2:01cv289PG, which was consolidated into the 2:01cv141 action.

In that case, on a motion to dismiss, this court reviewed the allegations of the plaintiffs' Complaint and concluded that they were virtually identical to the allegations asserted in *Newkirk*.  The allegations sounded in strict liability, negligence/negligence *per se*, breach of contract, outrageous conduct, assault and battery and asserted joint and several liability.  The plaintiffs also asserted claims for "Constitutional violations." The claims asserted by the plaintiffs in the present litigation are their fourth attempt to recover damages for their alleged injuries arising from the 1995 chemical spill and are more vague and conclusory than any previously filed.

On August 20, 2003, Judge Pickering entered a Judgment of Dismissal without prejudice of the 2:01cv141 consolidated case finding that the plaintiffs' constitutional claims were "clearly frivolous" and did not support federal question jurisdiction.  The court also concluded that there was no diversity jurisdiction and that the plaintiffs' claims were likely barred by the statute of limitations.   The plaintiffs then filed another Complaint in the Eastern District of Louisiana based on denial of due process similar to

the one which Judge Pickering had dismissed in Mississippi.

On January 29, 2004, Judge Barbier dismissed that Complaint concluding that it "contained nothing but vague, conclusory, and unintelligible allegations." The plaintiffs appealed that ruling to the Fifth Circuit. That court dismissed the appeal on September 22, 2004, finding that "it [was] impossible to discern from the [Maries'] complaint the exact basis for the appellants' claims or the legal theories on which they seek redress against any or all of the named defendants."

## STANDARD OF REVIEW

A Rule 12(b) motion attacks the court's jurisdiction to hear and to decide any issues in a case. A court must address its jurisdiction at any time during the pendency of the litigation that it is asserted or even indeed upon its own motion. *See Williamson v. Tucker*, 645 F. 2d 404 (5th Cir. 1981). It is well settled that on a 12(b)(1) motion the court may go outside the pleadings and consider additional facts, whether contested or not and may even resolve issues of contested facts. If the factual matters considered outside the pleadings are undisputed, the court need not make specific factual findings for the record. Conversely, if the court is called upon to make factual determinations to support its order, they should be stated specifically. *See, Williamson v. Tucker*, *supra*.

While a complaint need not contain detailed factual allegations to survive a 12(b) motion, the United States Supreme court has held that a plaintiff's "obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic*

*Corp. v. Twombly*, _____ U.S. _____ , _____ , 127 S.Ct. 1955, 1964-65, 167 L.Ed.2d 929, 940 (2007)(other citations omitted).

## FEDERAL QUESTION JURISDICTION

The defendants first assert, as they did in the 2:01cv141 case, that this court lacks subject matter jurisdiction in that the plaintiffs have failed to assert any basis for federal question jurisdiction under 28 U. S.C. §1331.  In order for the court to properly entertain jurisdiction under federal question auspices, the cause of action must be one which arises "under the Constitution, laws or treaties of the United States."  28 U.S.C. § 1331.  A suit arises under federal law if some substantial, disputed question of federal law appears on the face of the well pleaded complaint.  *See Franchise Tax Board v. Construction Laborers Vacation Trust*, 463 U.S. 1, 12, 103 S. Ct. 2841, 2848, 77 L. Ed. 2d 420 (1983).

A review of the plaintiffs' Complaint indicates that it contains nothing but vague and nonsensical allegations reciting the alleged facts regarding the 1995 chemical release and musings about the unsatisfactory results achieved by various attorneys who represented the plaintiffs and adverse rulings by other courts on complaints filed by these plaintiffs arising out of this same incident.

The plaintiffs' Complaint makes numerous vague and unspecified references to "constitutional laws," "constitutionality," and "an unconstitutional act."  Such vague, conclusory and unsupported frivolous allegations will not support a basis for federal jurisdiction.  *See South Park Square Ltd. v. City of Jackson*, 565 F.2d 338 (5th Cir. 1977).

Further, any allegations that these private parties could violate the plaintiffs' Fourth, Fifth, Seventh and Eighth Amendment rights, as the plaintiffs previously asserted, is clearly frivolous as each of these Constitutional Amendments require federal and/or state action.  *See Freeman v. City of Dallas*, 242 F.3d 642 (5th Cir. 2001). (Fourth Amendment claim requires state action); *Malloy v Hogan*, 378 U.S. 1 (1964) (Fifth Amendment claim requires state action); *Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507 (5th Cir. 1980) (Seventh Amendment claim requires state action); and *DeShaney v. Winnebago County Department of Social Services*, 489 U.S. 189 (1989) (Eighth Amendment claim requires state action).  As previously, nowhere in the plaintiffs' Complaint do they assert that these private parties are state actors who could be liable for violation of any of these constitutional sections

The court therefore finds that it does not have subject matter jurisdiction to entertain the claims of the plaintiff and thus, it is unnecessary for the court to address the remaining grounds set forth in the Motion to Dismiss.  The defendants also move the court to dismiss this case with prejudice.  Based on the finding of no subject matter jurisdiction, that would be improper.

IT IS, THEREFORE, ORDERED AND ADJUDGED that the defendants' Motion to Dismiss **[#9]** is Granted and this matter is dismissed without prejudice and all other pending motions are denied as moot.  A separate Judgment will be entered herein in accordance with Rule 58, Fed.R.Civ.P.

SO ORDERED AND ADJUDGED, this the 6th day of February, 2008.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE